UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SIMON M. BLANC,
      - Plaintiff

   v.                           CIVIL NO. 3:05CV01354 (DJS) (TPS)

CITY OF STAMFORD,
      - Defendant

### RECOMMENDED RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
### [Dkt. # 26]

Plaintiff Simon M. Blanc ("Blanc") brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq*. ("CFEPA") alleging that defendant City of Stamford ("City") denied him a promotion on the basis of his race, color and/or national origin. Defendant moves for summary judgment on both claims. [Dkt. # 26]. For the reasons set forth below, defendant's motion should be **DENIED**. 28 U.S.C. § 636(b)(1)(A).

    **I. FACTS**

The following material facts are taken from the complaint, the parties' Local Rule 56(a) statements, summary judgment briefs,

1

depositions and exhibits.[1] The court accepts facts as true if undisputed by the parties and resolves issues of disputed fact in favor of Blanc, the nonmoving party, where there is evidence to support his claims.

Blanc, a black man of West Indian descent, has been employed by the City as a police officer since 1988. On March, 12, 2002, Blanc took the promotional examination for sergeant, attaining a score of 83 and a ranking of fourth among those candidates eligible for promotion.

Promotional decisions were made by the Police Commission ("Commission"), which consisted of five civilians including one African-American and either one or two females. Following the administration of the promotional examination, the human resources department compiled a list of eligible candidates and, as vacancies occurred over a two-year period, those candidates with the three highest scores as well as those candidates who scored within five points of the top ranked candidate were certified for promotion. The Commission made promotions on August 5, 2002, February 10, 2003 and March 1, 2004. Prior to the first two rounds of promotions,

---

[1] Plaintiff objects to defendant's Local Rule 56(a) Statement on the basis that it does not cite to supporting evidence in the record, contains disputed issues of fact and unsubstantiated opinion and/or arguments and cites to statements by witnesses not competent to testify to the information at trial. [Dkt. # 74]. Plaintiff's objections are moot insofar as the court bases its ruling on the evidence in the record and does not rely on any statements of fact unsupported by admissible evidence.

the Commission interviewed the candidates. Blanc had been certified for promotion each time promotions were made and was interviewed twice by the Commission. From the 2002 list, the Commission promoted a total of six officers to the rank of sergeant. All of the officers were white. Three of the six officers were ranked equal to or lower than Blanc on the eligibility list.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The party moving for summary judgment bears the burden of showing that no genuine factual dispute exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific

facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 256, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255. "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. When reasonable persons, applying the proper legal standards, could differ in their responses to the questions raised on the basis of the evidence presented, the question is best left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

### B. Failure to Promote Claims (Title VII and CFEPA)

The City moves for summary judgment on the grounds that Blanc has failed to show any statistical evidence of disparate impact in its promotional decisions or to produce specific evidence that he was passed over for promotion as a result of discrimination. Blanc's claim that he was not promoted to the rank of sergeant despite the fact that he had qualifications equal to or better than white candidates who were promoted, however, is one of disparate

4

treatment as opposed to disparate impact.[2]  Accordingly, Blanc's Title VII and CFEPA claims are analyzed under the test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973).  See e.g., Vasquez v. Claire's Accessories, Inc., 392 F. Supp. 2d 342, 349 (D. Conn. 2005) (CFEPA claims are analyzed in same manner as Title VII discrimination claims); see also State v. Comm'n on Human Rights & Opportunities, 211 Conn. 464, 469-70, 559 A.2d 1120 (1989).  As explained below, to survive summary judgment, Blanc does not have to produce specific evidence of discrimination; rather, "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Under the McDonnell Douglas framework, the plaintiff must first establish a prima facie case of discrimination by demonstrating that (1) he belonged to a protected class; (2) he was qualified for the position; (3) he experienced an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination.

---

[2] A disparate treatment claim involves differential treatment of similarly situated persons or groups, see e.g., Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000), whereas a disparate impact claim focuses on whether facially-neutral policies or practices have a disparate effect on a particular group.  See e.g., Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 160 (2d Cir. 2001).

5

Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (citing McDonnell Douglas, 411 U.S. at 802). The defendant must then produce evidence of a legitimate, nondiscriminatory reason for its action "which, *if believed by the trier of fact*, would support a finding that unlawful discrimination was not the cause of the employment action." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993) (emphasis in original). The defendant's burden is "one of production, not persuasion; it can involve no credibility assessment." Reeves, 530 U.S. at 142. If the defendant provides sufficient evidence of a nondiscriminatory reason for its action, the plaintiff then has the ultimate burden of proving intentional discrimination on the part of the defendant. Id. at 143. The plaintiff may attempt "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Id. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Id. at 148.

In this case, it is clear on the face of the pleadings that Blanc has established a prima facie case of discrimination on the basis of race, color and/or national origin by showing that, although eligible for promotion, he was not promoted to the rank of sergeant and that white officers were promoted instead. The City,

in moving for summary judgment, argues in part that there is no evidence of discrimination in the promotional decisions because the officers who were promoted were better qualified for the position of sergeant. The City puts forth evidence to demonstrate that (1) the lower scoring candidates had stronger backgrounds than Blanc and (2) Blanc performed poorly in his interviews before the Commission. Assuming that the defendant has proffered legitimate, nondiscriminatory reasons for not promoting Blanc, Blanc has presented sufficient evidence to raise genuine issues of material fact with respect to the City's explanation.

First, Blanc contends that he was more than qualified to be promoted to the rank of sergeant. In arguing that the lower scoring candidates had stronger backgrounds than Blanc, the City compares the candidates' performance evaluations, educational credentials, additional training experience and commendations. Blanc, however, argues that his background and experience was comparable to, and in some respects exceeded, that of the six candidates who were promoted. Specifically, he asserts that at the time he took the promotional examination he had fourteen years experience as an officer and had served in a supervisory capacity as acting sergeant on a number of occasions. He also was given an overall rating of superior on his last performance evaluation and had a near perfect attendance record. In addition, similar to the other officers, he had received commendations for his police work

7

and had completed additional training courses. He also had credentials that the other officers did not, including a bachelor's degree and credits toward a master's degree. The relative qualifications of the candidates is a genuine issue of material fact that is in dispute and therefore appropriately reserved to a jury for a determination.

Second, Blanc has presented sufficient evidence to create a genuine issue of material fact as to whether the City's explanation for not promoting him is a mere pretext for discrimination. The deposition testimony of the Commission members indicates that, in general, promotions were made according to rank unless there were specific reasons for passing over candidates, i.e., pending disciplinary actions or excessive absences. [Berkoff Dep. 27, 61-72; Hill Dep. 51, 104; McMahon Dep. 80]. In the 2003 and 2004 promotions, however, the Commission passed over Blanc despite the fact that there was nothing in his record militating against his promotion; he had a near perfect attendance record and no disciplinary proceedings had been initiated against him. Because "departures from procedural regularity [may] raise a question as to the good faith of the process," the Commission's failure to promote candidates in rank order may raise an inference of discriminatory intent. Norris v. Metro-North Commuter R.R. Co., 522 F. Supp. 2d 402, 409 (D. Conn. 2007) (citing Stern v. Trustees of Columbia Univ., 131 F.3d 305, 313 (2d Cir. 1997)).

8

Blanc further argues that the reasons cited by the Commission members for denying him promotion are purely subjective and therefore unworthy of credence. At their depositions, the Commission members testified that they perceived Blanc as lacking "presence" and "enthusiasm" during his interviews. He was also described as being "non-assertive" and "soft-spoken." Commission members further testified that his answers were not responsive to the questions asked and did not convey an ability to act as a leader or "team player." [Berkoff Dep. 73, Broom Dep. 64-66, DeCarlo Dep. 135, Gordon Dep, 56, 58]. It is permissible for an employer to rely on subjective criteria in making hiring decisions, including the impression an individual makes during an interview. Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 104 (2d Cir. 2001). At the same time, an employer's explanation must be both "clear and specific" and "honest." See id. at 105. Otherwise, "[a]ny defendant can respond to a [discrimination charge] with a claim of some subjective preference or perogative and, if such assertions are accepted, prevail in virtually every case." Id. at 104-105. (Citation omitted).

Here, the reasons articulated by the Commission members do not withstand scrutiny. As an initial matter, their criticisms of Blanc's demeanor during his interviews are vague and elusive in addition to highly dependent on individual personality preferences. Whether these criticisms are legitimate, therefore, is

9

fundamentally a matter of credibility and a jury may credit or discredit the testimony of Blanc and the Commission members. Moreover, the Commission members' criticisms that Blanc's responses did not demonstrate an ability to be a leader or "team player" are questionable in light of contradictory evidence in the record. In particular, Blanc had regularly served in a supervisory role as acting sergeant. In expressing doubts as to his leadership ability, none of the Commission members referred to a specific instance in which Blanc failed to perform in that role. In fact, many were not aware that he had served in that capacity, although it was indicated on his resume. [Pl. Ex. 24]. With respect to Blanc's willingness to be a "team player," some of the Commission members referred to his assignment to the north end of the city, which is considered a quieter and more isolated section where he could presumably work independently. Blanc, however, testified at his deposition that he patrolled all areas of the city. His file also contained a commendation recognizing his role in an arrest made in collaboration with other officers. [Pl. Ex. 25]. Finally, the Commission members' reasons are undermined by their close resemblance to the qualities set forth in a memorandum distributed to them by the City shortly before their depositions. In that memorandum, the City emphasizes that the position of sergeant "requires skills and qualities such as leadership, peer respect, command abilities, conduct under real-world conditions and

deportment, which are not effectively tested by a written examination. . . ." [Pl. Ex. 13]. Given the lack of specificity in the Commission members' criticisms of Blanc, the contradictory evidence in the record and the similarity to the City's post-hoc rationale, a reasonable jury could conclude that the articulated reasons are pretextual and that the actual motivation for passing over Blanc in making promotions was discrimination.

Because genuine issues of material fact exist as to the qualifications of the candidates for sergeant and whether the City's explanation for Blanc's nonpromotion is pretextual, summary judgment is inappropriate.

### III. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment should be **DENIED**. [Dkt. # 26]. Either party may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72(b). Failure to do so may bar further review. 28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health and Human Servs., 892 F. 2d 15, 16 (2d. Cir. 1989).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 31st day of July, 2008.**

                                  **/s/ Thomas P. Smith**
                                  **Thomas P. Smith**
                                  **United States Magistrate Judge**